
FILED
CHARLOTTE, NC

DEC 27 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

REGINA BOSTON,

    Plaintiff,

-v-

Case No. 3:12cv603-GCM

COLLECTION COMPANY OF AMERICA,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### Introduction

COMES NOW the Plaintiff, Regina Boston and moves the court to grant leave, thereby permitting Plaintiff to file a Third Amended Complaint, and state as follows:

1. Plaintiff filed her Complaint in this Court on September 14, 2012.

2. On October 10, 2012, Plaintiff filed an Amended Complaint in which Plaintiff attempted to add more detailed factual allegations.

3. On November 12, 2012 Defendant filed a Motion to Dismiss.

4. The Defendants have not filed their Answer. The parties have not yet met to prepare the Case Management Report and this Court has not yet issued a Case Management Order. Neither party has engaged in discovery.

5. Plaintiff seeks leave of this Court to file a Third Amended Complaint. This Third Amendment will make the necessary changes to state a claim upon which relief can be granted and to avoid conclusory statements.

6. The proposed amended complaint is attached.

### ANALYSIS

#### I.     RULE 15: LEAVE TO AMEND

In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's

discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Id.* at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1994).

"District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1110 (11th Cir. 1996) (*citing Espey*, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id.* In the instant case, Plaintiff has attempted to correct defects with this filing.

In the case *sub judice*, there are no reasons to deny Plaintiff's Motion for Leave to Amend the Complaint. This case was filed on September 14, 2012. There has been no undue delay in amending the Complaint. The Defendant has not filed an Answer. Thus, the parties have not yet met together for a Case Management Conference, have not completed the Case Management Report, and this Court has not yet entered a Case Management Scheduling Order. The parties have not engaged in any Discovery and therefore amending the Complaint will not require the Defendants to re-file an

Answer, will not affect the Case Management Report or the Scheduling Order, and will not affect Discovery as no Discovery has occurred, nor can it occur until the Case Management Conference.

Plaintiff has diligently prosecuted this case and there have been no failures to cure any alleged deficiencies. Defendant even agrees that Plaintiff has *"partially cured"* a defect in the original pleading; therefore, they can only benefit from the specificity and improvement of the previous complaints. In short, there is no reason to deny Plaintiff's Request for Leave to Amend her Complaint.

Plaintiff has already amended her complaint once, "as a matter of course," Fed. R. Civ. P. 15(a)(1), and because this court has not ruled on Plaintiff's motion to amend, she may amend again "only with . . . the [C]ourt's leave." Rule 15(a)(2).

Rule 15 instructs courts to "freely give leave [to amend] when justice so requires," *id.*, and the "'rule is to be construed liberally.'" *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006)). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."
>
> *Id.* at 182.

DEFENDANT argues that Plaintiff's previous filing of proposed amended complaints are futile and does not cure substantive defects. In these circumstances, it is immaterial that Plaintiff has already amended her complaint twice. Courts have granted leave to amend even where plaintiffs

have had "five previous attempts to state [a] cognizable claim. *See Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998), (internal quotation marks and citation omitted), . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" *Id.*, (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)). Here, Plaintiff's original complaint was filed in September 2012, her first amended complaint was filed in October 2012, and she moved to amend in November 2012. This case has not been prolonged and furthermore the Defeendants will not be prejudiced. Moreover, where, as here, the party opposing amendment has even stated that Plaintiff has *partially cured* her original complaint. Discovery has not begun; *Cf. Abdullah*, 530 F. Supp. 2d at 115 (denying defendants leave to amend their answer where their motion was filed five years after the case was filed and where "significant discovery [had] taken place, including document discovery, numerous depositions, and the hiring of an expert").

Indeed, all that has happened so far is the filing of the pleadings presently before the Court, wherein all parties have had ample opportunity to address the issues at hand. There is no prejudice here. To the contrary, while the Court need not address the sufficiency of the allegations in Plaintiff's first and second amended complaints, there is no doubt that DEFENDANT will be *benefited* by the additional specificity Plaintiff provides in her third proposed amended complaint.

Finally, DEFENDANT's primary argument for denying Plaintiff's motion is that the Plaintiff's proposed second amended complaint "would not survive a motion to dismiss" such that amendment would be futile. *In re Interbank Funding Corp. Securities Litigation*, 629 F.3d at 218. Because review for futility "is, for practical purposes, identical to review of a Rule 2(b)(6)" motion to dismiss, *id.*, DEFENDANT's futility arguments are addressed below, as part of the Court's consideration of DEFENDANT's arguments for dismissal.

## II. RULE 12(B)(6): LEGAL SUFFICIENCY OF PLAINTIFF'S ALLEGATIONS

In order to withstand a Rule 12(b)(6) motion, a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (alteration in the original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The notice pleading rules are "not meant to impose a great burden on a plaintiff," *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–515 (2002)), and a complaint need not contain "detailed factual allegations." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47). Nevertheless, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.* at 555, and her "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

This Court need not accept as true any legal conclusions couched as factual allegations or inferences unsupported by facts in Plaintiff's proposed second amended complaint. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006). Yet, in determining whether the factual allegations which are entitled to an assumption of truth are "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, the Court must grant Plaintiff "'the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

DEFENDANT argues that the Plaintiff's proposed second amended complaint must be dismissed pursuant to Rule 12(b)(6). Plaintiff has attempted to cure the "claim" issue with her filing of a Third Motion to Amend with a proposed amended complaint in an effort to correct any deficiencies.

Further, "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168*; and see rule 54c, demand for judgment, *FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA*: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *U.S. v. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.*

### III. Defendant Had No Permissible Purpose

Just because the Fair Credit Reporting Act states that there are various reasons where an entity can pull a consumer's credit report does not give proof to the defendant as to what debt it was attempting to collect upon. Defendant has provided no proof before the court as to any account or alleged debt that it was attempting to collect upon and what alleged creditor retained it to do so. Therefore, the accessing of Plaintiff's credit file was impermissible and in violation of 1681(b)(1)(A). Further, defendant has identified the existence of an alleged debt or account nowhere in the court record.

Respectfully submitted this 27th day of December, 2012

Regina Boston
1220 Ballina Way
Charlotte, NC 28214

## CERTIFICATE OF SERVICE for Case No. 3:12cv603-GCM

I hereby certify that a true and correct copy of the foregoing was mailed via U.S.P.S. to the parties listed below on this 27th day of December, 2012 to the following addresses and addressees:

Caren D. Enloe
N.C. State Bar No. 17394
Attorneys for Defendant
Of MORRIS MANNING & MARTIN, LLP
Post Office Box 12768
Research Triangle Park, NC 27709

Respectfully,

Regina Boston
1220 Ballina Way
Charlotte, NC 28214