UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-603-GCM

| | |
|---|---|
| REGINA BOSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| COLLECTION COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Regina Boston. (Doc. No. 29). This is one of at least nine pro se actions that Plaintiff has filed in this Court in which she has sued various entities, alleging that the entities violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

On September 14, 2012, Plaintiff filed the underlying lawsuit, naming Collection Company of America as the sole Defendant. In her Amended Complaint, Plaintiff made vague and conclusory allegations that Defendant willfully violated the FCRA. In an Order dated January 16, 2013, this Court granted Defendant's motion to dismiss and dismissed Plaintiff's action for failure to state a claim. (Doc. No. 27).

On January 31, 2013, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

1

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when she filed her Complaint, nor does her motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to her. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 29), is **DENIED**.

Signed: February 4, 2013

*[signature]*

Graham C. Mullen
United States District Judge

2